**No. 08-1307. Charles E. Holster, III, Petitioner v. Gatco, Inc., dba Folio Associates.**

559 U.S. 1060, 130 S. Ct. 1575, 176 L. Ed. 2d 716, 2010 U.S. LEXIS 3118.

April 19, 2010. On petition for writ of certiorari to the United States Court of Appeals for the Second Circuit. Petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). Justice Sotomayor took no part in the consideration or decision of this petition.

Justice **Scalia**, concurring.

Petitioner Charles Holster filed this suit in federal court seeking actual and statutory damages—on behalf of himself and a class of others similarly situated—for alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. The District Court dismissed the suit, holding that the rule of *Erie R. Co.* v. *Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), applies to federal suits under the Act, and that N. Y. Civ. Prac. Law Ann. § 901(b) (West 2006)—which bars class actions in suits seeking statutory damages—is "substantive" under *Erie*. 485 F. Supp. 2d 179, 184-186 (EDNY 2007). Federal Rule of Civil Procedure 23 had no bearing, it added, because "§ 901(b) is a matter not covered by [Rule] 23." *Id.*, at 185, n. 3.

The Second Circuit summarily affirmed on the basis of its decision (issued the same day by the same panel) in *Bonime* v. *Avaya, Inc.*, 547 F.3d 497 (2008). *Bonime* held that § 901(b) applies to suits brought under the Act in federal court for two reasons. First, it read the Act to require that federal courts treat claims under the Act as though they arise under state law and therefore are subject to *Erie*. 547 F.3d, at 501. Second, *Bonime* held that § 227(b)(3)'s text—which provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" a suit for actual and statutory damages—prohibits federal courts from hearing suits under the Act that would be barred in state court. *Id.*, at 502.

*Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, *ante*, p. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), held that, irrespective of *Erie*, § 901(b) does not apply to state-law claims in federal court because it is validly pre-empted by Rule 23. *Ante*, at 398-406, 130 S. Ct. 1431, 176 L. Ed. 2d 311; *ante*, at 406-410, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (plurality opinion); *ante*, at 429-436, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (Stevens, J., concurring in part and concurring in judgment). That holding assuredly affects—and in all likelihood eliminates—*Bonime*'s primary basis for applying § 901(b) in federal court. The dissent insists, however, that *Bonime*'s second ground remains unaffected. *Post*, at 1064, 176 L. Ed. 2d, at 718 (opinion of Ginsburg, J.).

On one reading of *Bonime*'s opaque second ground, that is true: If the Second Circuit meant that § 227(b)(3) requires federal courts hearing claims under the Act to apply *all* state procedural rules that would effectively bar a suit, then *Shady Grove* has no bearing. That is, however, a highly implausible reading of the Act. Besides effecting an implied partial repeal of the Rules Enabling Act, 28 U.S.C. § 2072, it would require federal courts to enforce any prerequisite to suit state law makes mandatory—a state rule limiting the length of the complaint, for example, or specifying the color and size of the paper.

A more probable meaning of *Bonime*'s second ground is that when a State closes its doors to claims under the Act, § 227(b)(3) requires federal courts in the State to do so as well; but when such claims are allowed, the federal forum may apply its own procedures in processing them. See 547 F.3d, at 502 ("This statutory language is unambiguous—a claim under the [Act] cannot be brought if not permitted by state law"). Nothing in *Bonime* suggests, for example, that a federal court could not consolidate two suits under the Act for its own convenience, see Fed. Rule Civ. Proc. 42(a), even if the State's courts did not allow consolidation. Although that logic applies equally to Rule 23's method of combining claims, *Bonime* may simply have assumed—as the appellee urged it to conclude,[1] as a number of District Courts had held,[2] and as the Second Circuit itself held three weeks later[3]—that Rule 23 does not address whether class actions are available for specific claims. If that is what *Bonime* had in mind, *Shady Grove* will likely affect the Second Circuit's analysis.

*Shady Grove* would also affect the outcome if the *Bonime* court believed that even if Rule 23 would otherwise allow a federal court to entertain a class action, § 227(b)(3) supersedes Rule 23 by precluding suits that cannot be brought in state courts, including class actions barred by § 901(b). *Shady Grove* reveals the error in this analysis: Section 901(b) does not prevent a plaintiff from *bringing* "an action to recover a penalty, or minimum measure of recovery created or imposed by statute"—as would be necessary to implicate § 227(b)(3)—but only from "maintain[ing]" such a suit *"as a class action."* (Emphasis added.) *Ante*, at 408, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (plurality opinion); see also *ante*, at 398-402, 130 S. Ct. 1431, 176 L. Ed. 2d 311.

For these reasons, I concur in the Court's order.

Justice **Ginsburg**, with whom Justice **Breyer** joins, dissenting.

Petitioner Charles Holster filed this putative class action against Gatco, Inc., in federal court, invoking the court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Holster sought statutory damages for Gatco's alleged violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, which authorizes a "[p]rivate right of action" when a person is "otherwise permitted by the laws or rules of court of a State" to bring the action. § 227(b)(3).

The District Court dismissed Holster's suit based on N. Y. Civ. Prac. Law Ann. (CPLR) § 901(b) (West 2006), the provision at issue in *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, *ante*, p. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). That statute prescribes that, unless specifically ermitted, "an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." § 901(b). The District Court noted that, pursuant to § 901(b), New York courts had closed their doors to class actions seeking statutory damages under the TCPA. 485 F. Supp. 2d 179, 185 (EDNY 2007).

Adopting its prior decision in *Bonime* v. *Avaya, Inc.*, 547 F.3d 497 (2008), the Second Circuit summarily affirmed. *Bonime* held that § 901(b) barred TCPA claims brought as class actions for two independent reasons. First, the Court of Appeals determined that § 901(b) governed because it qualified as "substantive" under the doctrine of *Erie R. Co.* v. *Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). 547 F.3d, at 501-502.

As a "second, independent" ground for its holding, the *Bonime* panel stated:

---

**1.** Brief for Defendant-Appellee in No. 07-1136 (CA2), pp. 35-36.

**2.** See, *e.g., Leider* v. *Ralfe*, 387 F. Supp. 2d 283, 290 (SDNY 2005); *In re Relafen Antitrust Litigation*, 221 F.R.D. 260, 284-285 (Mass. 2004); *Dornberger* v. *Metropolitan Life Ins. Co.*, 182 F.R.D. 72, 84 (SDNY 1999).

**3.** See *Shady Grove Orthopedic Assocs., P. A.* v. *Allstate Ins. Co.*, 549 F.3d 137, 143-145 (2008).

"The private right of action created by the TCPA allows a person or entity to, 'if *otherwise permitted by the laws or rules of court of a State*, bring . . .' an action for a violation of the TCPA. *See* 47 U.S.C. § 227(b)(3) (emphasis added). This statutory language is unambiguous—a claim under the TCPA cannot be brought if not permitted by state law. 'In determining the proper interpretation of a statute, this court will look first to the plain language of a statute and interpret it by its ordinary, common meaning. If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words.' *Tyler v. Douglas*, 280 F.3d 116, 122 (2d Cir. 2001) (internal citations, quotation marks, and alteration omitted). This provision constitutes an express limitation on the TCPA which federal courts are required to respect." *Id.*, at 502.

Judge Calabresi concurred, joining only the second ground "identified by the majority for its conclusion." *Ibid.* As Judge Calabresi explained:

"A state law that bars suit in state court, like [CPLR] 901(b), . . . effectively eliminates the cause of action created under the TCPA because it eliminates the 'may' and the rest of the phrase that follows ('bring . . . an action'). Federal law (the TCPA's cause of action) directs courts to look to 'the laws' and 'rules of court' of a state. Thus, when a state refuses to recognize a cause of action, there remains no cause of action to which any grant of federal court jurisdiction could attach." *Id.*, at 503.

Although *Shady Grove* may bear on the Second Circuit's *Erie* analysis,* nothing in *Shady Grove* calls for a reading of § 227(b)(3) that fails fully to honor "the laws [and] rules of court of [New York] State." The Second Circuit's interpretation of the TCPA's private-right-of-action authorization stands on its own footing as an adequate and independent ground for dismissing Holster's suit. I would spare the Court of Appeals the necessity of revisiting—and, presumably, reinstating— its TCPA-grounded ruling.

---

* Holster, however, arguably forfeited the argument, accepted in *Shady Grove*, that Federal Rule of Civil Procedure 23 preempts § 901(b); the District Court concluded that Rule 23 and § 901(b) did not conflict and noted that Holster "d[id] not dispute" that point. 485 F. Supp. 2d 179, 185, n. 3 (EDNY 2007).